UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW B. JOHNSON, et al. | ) | CASE NO. 2:13-cv-00756-GCS-NMK |
| | ) | |
| Plaintiffs | ) | MAGISTRATE JUDGE |
| | ) | |
| vs. | ) | NORAH McCANN KING |
| | ) | |
| JOS. A. BANK CLOTHIERS, INC. | ) | **PLAINTIFFS' RENEWED MOTION TO** |
| | ) | **COMPEL** |
| Defendant | ) | |
| | ) | |

Now come Plaintiffs and, pursuant to Fed.R.Civ.P. 37, moves this Court for an order compelling the Defendant Jos. A. Bank ("JAB") to respond to certain discovery requests served by Plaintiffs, attached to this Motion as Ex. 1.

JAB made written objections to those requests, attached to this Motion as Ex. 2, which effectively constituted a complete refusal to engage in the discovery process. Plaintiffs filed a Motion to Compel on February 6, 2015, and Defendant filed a Motion for Protective Order on February 5, 2015. The Court ruled on those Motions jointly. *See* Doc. #51. The Court denied the Defendant's Motion and the Plaintiffs' Motion, although the Plaintiffs' Motion was denied without prejudice to renew. This is, unfortunately, that renewal.

Upon the Court issuing its ruling of March 31, 2015, the Plaintiffs immediately took the steps they believed the Court had mandated be taken. Specifically, they contacted the Defendant's counsel and arranged a call to discuss the pending discovery

issues.  That call occurred on April 8, 2015.  The parties were able to reach tentative agreements on certain matters and not others, but Defendant's counsel was careful to say that he did not have actual authority from his client to agree to the production of any documents.[1]  Counsel for Defendant indicated that he would follow up with his client regarding producing certain agreed upon documents "as soon as possible," including making a call "later [that] afternoon."

Having yet to hear from the Defendant, counsel for Plaintiffs sent a letter to the Defendant on April 15, 2015, memorializing their phone conversation of April 8, 2015, and identifying those points on which they believed the parties had agreed (and not agreed).  That letter is attached as Ex. 3.  Counsel for Plaintiffs also attached more thorough and particularized responses to the Defendant's original objections, as suggested by the Court.  Opinion and Order at 13.  The Plaintiffs also restricted or withdrew numerous requests in an effort to comply with the Court's suggestion that the Plaintiffs narrow the scope of the discovery requested.[2]  Plaintiffs' letter asked that Defendant provide a response by April 15, 2015.  Defendant did not respond to Plaintiffs.  Instead, after simply ignoring the Plaintiffs' correspondence for a period of time, Defendant filed a Motion for Reconsideration on April 23, 2015.

This Motion was not mentioned by Defendant at any point on the call of April 8, 2015.  Indeed, all that was discussed was the production of documents and a potential conference with the Court regarding both resetting the discovery calendar and the

---

[1]This despite the fact that the Court's Order made clear that certain documents would need to be produced and that the Plaintiffs had made clear when scheduling that call that it was to discuss the amended scope of that production.  JAB's lawyer paid the Plaintiffs lip service on that call, but JAB did not then and does not now have any intention of comply with the Court's Order.

[2] Plaintiffs incorporate those responses, attached as Ex.4, into this Motion by reference.  Plaintiffs firmly believe that the document requests that remain pending after the steps taken to withdraw and narrow certain requests are all reasonably calculated to lead to the discovery of admissible evidence.

resolution of those still pending discovery disputes. When Plaintiff's counsel contacted defense counsel on April 27 to inquire into the status of the pending discovery requests, Plaintiffs' counsel was told that Defendant did not intend on producing anything until it received a ruling on its Motion for Reconsideration. Plaintiffs' counsel received an email to similar effect. Email attached as Ex. 5. When specifically asked whether the Defendant was rescinding any representations it made regarding production of documents on the phone call of April 8, 2015, Defendant's counsel indicated that it was and that its Motion for Reconsideration "is what it is."

What it is, of course, is just the most recent defense tactic employed for purely dilatory purposes. Defendant should know that filing a Motion for Reconsideration *does not* stay the effect of the Order either generally or in this case. *See* Local Rule 72.3. Rather, Defendant simply continues to adopt the position that it does not have to produce *a single document* until it is fully convinced that it has exhausted every possible avenue to avoid doing so. A Court Order requiring the production of at least some classes of documents is apparently of no moment to Defendant.

Plaintiffs are at a loss for how and when, if ever, the Defendant in this case will produce relevant and responsive documents absent a direct and specific order from this Court requiring it to do so. As such, Plaintiffs ask that the Court evaluate the Plaintiffs' discovery requests, Defendant's objections, and Plaintiffs' responses and modifications (as attached at Ex. 4) and order Jos. A. Bank to produce written responses and documents in accordance with those requests. Plaintiffs are not seeking sanctions at this time but reserve the right to do so if Defendant continues to obstruct this litigation in a manner costly in time and effort to both parties and the Court.

Plaintiffs will file a separate Brief within twenty-one days of the date Defendant filed its Motion for Reconsideration, as allowed under local rule 7.2(a)(2).  That Brief will discuss the substance of JAB's recent Motion but, it suffices to say, that it raises no new arguments that were not raised in its Brief in Opposition to Plaintiffs' Motion to Compel. In fact, the only argument the Motion advances – that Plaintiffs lack standing to pursue injunctive relief – has already been explicitly briefed by both parties and ruled upon by the Court.  Defendant presents no new law or arguments – instead it seeks an audience solely for purposes of telling the Court that its Opinion and Order are wrong.  That is not a valid reason to file a Motion for Reconsideration and the Motion should be flatly denied without further delay.

Respectfully submitted,

s/ Daniel Frech
STUART E. SCOTT (0064834)
DANIEL FRECH (0082737)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*sscott@spanglaw.com*
*dfrech@spanglaw.com*

ANDREW R. MAYLE (0075622)
JEREMIAH S. RAY (0074655)
**MAYLE, RAY & MAYLE**
210 South Front Street
Fremont, OH 43420
(419) 334-8377
(419) 355-9698 (FAX)
*amayle@mayleraymayle.com*
*jray@mayleraymayle.com*

OF COUNSEL:

HASSAN A. ZAVAREEI (DC 456161) (PHV)
JEFFREY KALIEL (CA 238293) (PHV)
**TYCKO & ZAVAREEI, LLP**
2000 L Street, NW, Suite 808
Washington, DC  20036
(202) 973-0900
(202) 973-095 (FAX)
*hzavareei@tzlegal.com*
*jkaliel@tzlegal.com*

*Counsel for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of May 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System.  Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

s/ Daniel Frech
STUART E. SCOTT (0064834)
DANIEL FRECH (0082737)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*sscott@spanglaw.com*
*dfrech@spanglaw.com*

*Counsel for Plaintiffs and the Proposed Class*