```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

**MATTHEW B. JOHNSON, *et al.*,**

       Plaintiffs,

                                  Case No. 2:13-cv-00756
   v.                           Magistrate Judge King

**JOS. A. BANK CLOTHIES, INC.,**

       Defendant.

## OPINION AND ORDER

Plaintiffs sought declaratory, injunctive and monetary relief on behalf of themselves and a plaintiff class, asserting claims of breach of contract and violation of the Ohio Consumer Sales Practices Act ("OCSPA"), O.R.C. § 1345.01 *et seq.*, and rules promulgated thereunder. *Amended Complaint*, ECF No. 32. The Court dismissed the class allegations and breach of contract claims, *Opinion and Order*, ECF No. 40, as well as the claim for statutory injunctive relief under the OCSPA, *Opinion and Order*, ECF No. 60.  In dismissing the claim for statutory injunctive relief under the OCSPA, the Court reasoned that plaintiffs lacked Article III standing to pursue this state law claim in a federal court. *Id*. Only the individual plaintiffs' claims for monetary damages under O.R.C. § 1345.09(B) remain. With the consent of the parties, *see* 28 U.S.C. § 636(c), this matter is now before the Court on plaintiffs' *Motion for Dismissal without Prejudice*, ECF No. 66. For the following reasons, plaintiffs' *Motion for Dismissal without Prejudice* is **GRANTED in part and DENIED in part**.

1

**DISCUSSION**

Plaintiff's original motion sought leave to voluntarily dismiss the action, and presumably all the claims asserted in the action, without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). *Motion to Dismiss without Prejudice.* Defendant opposed that request, arguing that the Court should dismiss the class claims, breach of contract claims, and claims for equitable injunctive relief with prejudice or, alternately, "enter an order requiring Plaintiffs to pay the attorneys' fee and costs incurred by [defendant] related to the dismissed claims." *Opposition to Plaintiffs Motion for Dismissal without Prejudice and Separate Request for Conditions to the Same*, ECF No. 67, PAGEID# 1220-21. In reply, plaintiffs agree to the dismissal, with prejudice, of the previously dismissed class claims under the OCSPA and breach of contract claims, but insist that the dismissal of the claim for statutory injunctive relief under the OCSPA and the individual claims for monetary damages under the OCSPA should be without prejudice. *Plaintiffs' Reply Brief to Defendant's Brief in Opposition to Plaintiffs' Motion to Dismiss without Prejudice*, ECF No. 68, PAGEID# 1235 ("*Plaintiffs' Reply*").

It therefore appears that the parties agree that the class claims under the OCSPA and the breach of contract claims should be dismissed with prejudice and that plaintiffs' individual claims for monetary damages under the OCSPA should be dismissed without prejudice. The parties apparently disagree only as to the terms upon which plaintiffs' claim for injunctive relief should be dismissed.

The parties' disagreement in this regard stems from their

2

differing views on the nature of the claim for injunctive relief. The claim for injunctive relief asserted in the *Amended Complaint* was based, not on equitable principles, but on the OCSPA. *See Opinion and Order*, ECF No. 51, PAGEID# 1044-45. As plaintiffs properly note, *Plaintiffs' Reply*, PAGEID# 1235, the Court dismissed this claim on the basis of lack of constitutional standing, not because plaintiffs had failed to state a claim for relief under state law. *Opinion and Order*, ECF No. 60, PAGEID# 1199-1203. In seeking leave to voluntarily dismiss this claim without prejudice, plaintiffs represent that "they have no intention of refiling this case in federal court. . . ." *Plaintiffs' Reply*, PAGEID# 1235. However, plaintiffs wish to preserve the opportunity to pursue this state law claim in an appropriate state court. *Motion for Dismissal without Prejudice,* PAGEID# 1215-16.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, under circumstances such as those presented here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The decision to dismiss a case pursuant to Rule 41(a)(2) falls "within the sound discretion of the district court," and the "primary purpose of the rule. . .is to protect the nonmovant from unfair treatment." *Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). "In the context of a Rule 41(a)(2) dismissal without prejudice, an abuse of discretion is generally found 'only where the defendant would suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit.'" *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed. App'x 498, 500 (6th Cir.

3

2007) (citing *Grover*, 33 F.3d at 718).

In determining whether a defendant will suffer plain legal prejudice as a result of a dismissal without prejudice, courts in the Sixth Circuit should consider the following four factors: (1) "defendant's effort and expense of preparation for trial"; (2) "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action"; (3) "insufficient explanation for the need to take a dismissal"; and (4) "whether a motion for summary judgment has been filed by the defendant." *Grover*, 33 F.3d at 718.

In this case, defendant has not established that it would suffer plain legal prejudice should plaintiffs' claim for statutory injunctive relief be dismissed without prejudice. Although defendant has undoubtedly expended both time and resources in its defense, expense alone and the mere possibility of a second lawsuit in state court do not justify dismissal with prejudice. *See Grover*, 33 F.3d at 718. In this regard, it is significant that, should plaintiffs pursue this claim in an Ohio court, that court may "order . . . the payment of costs of the claim previously dismissed as it may deem proper. . . ." Ohio R. Civ. P. 41(D). Moreover, plaintiffs have not caused such excessive delay as to justify the dismissal of the claim for injunctive relief with prejudice. After the Court's dismissal of the claim for statutory injunctive relief, *see Opinion and Order*, ECF No. 60, the parties participated in a status conference and engaged in settlement discussions. *See Order*, ECF No. 62; *Status Report*, ECF No. 64. Furthermore, plaintiffs have sufficiently explained the request to dismiss this claim without prejudice. See *Motion for Dismissal without*

4

*Prejudice,* PAGEID# 1216 ("The Court's ruling on Article III standing effectively hamstrung Plaintiffs' case in federal court."). Finally, no party has filed a motion for summary judgment. *See Grover*, 33 F.3d at 718.

Under all these circumstances, this Court concludes that plaintiffs' claim for statutory injunctive relief should be dismissed without prejudice.

**WHEREUPON** the *Motion for Dismissal without Prejudice,* ECF No. 66, is **GRANTED in part and DENIED in part.** The class claims under the OCSPA and the breach of contract claims are **DISMISSED with prejudice;** the claim for statutory injunctive relief under the OCSPA and the individual claims for monetary damages under the OCSPA are **DISMISSED without prejudice.**

|  |  |
|---|---|
| January 6, 2016 | *s/  Norah McCann King*___<br>Norah McCann King<br>United States Magistrate Judge |